NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 18 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROSA EMELINDA COREAS-DE MORALES; JORGE ALFREDO MORALES-COREAS; J.A. MORALES-HENRIQUEZ; TELMA VANESSA MORALES COREAS,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 23-922<br><br>Agency Nos.<br>A208-289-905<br>A208-289-906<br>A208-289-753<br>A208-289-769<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2025**

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Pro se petitioners Rosa Emelinda Coreas-De Morales, her husband, her

minor son, and her adult daughter seek review of the Board of Immigration

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appeals' ("BIA") dismissal of their appeal from an immigration judge's ("IJ") denial of their claims for asylum and withholding of removal, and request remand to the agency to consider their eligibility for post-conclusion voluntary departure. Each petitioner has filed a separate I-589 application; the husband and children are also derivative beneficiaries of Coreas's application for asylum. Because the parties are familiar with the facts, we need not recount them here.

We have jurisdiction under 8 U.S.C. § 1252. Our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted. *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012). We review legal conclusions de novo and factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc).

Substantial evidence supports the agency's denial of asylum and withholding of removal. The agency determined that the petitioners had not established that the government of El Salvador would be unwilling or unable to protect them from their persecutors based on both country conditions evidence and the petitioners' failure to report the incidents to the police. Although reporting is not an essential element to establish that government is unwilling or unable to control attackers, *Rahimzadeh v. Holder*, 613 F.3d 916, 921 (9th Cir. 2010), *abrogated on other grounds by Bringas-Rodriguez*, 850 F.3d at 1069–70, courts do "consider whether an applicant reported the incidents to police, because in such cases a report of this

nature may show governmental inability to control the actors." *Baballah v. Ashcroft*, 367 F.3d 1067, 1078 (9th Cir. 2004). Here, petitioners claim they did not report the assault and threats because they were believed it would be futile. However, the failure to report based on the subjective belief of futility is, on its own, insufficient to establish the government's inability or unwillingness to control a persecutor. *Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005).

Petitioners' claim for post-conclusion voluntary departure is denied as unexhausted. A final order of removal is reviewable only if petitioners have "exhausted all administrative remedies available . . . as of right." 8 U.S.C. § 1252(d)(1). The exhaustion requirement is a non-jurisdictional claim-processing rule that must be enforced if properly raised. *Santos-Zacaria v. Garland*, 598 U.S. 411, 417–19 (2023). Although this court has held that *Posos-Sanchez* was intervening law which "newly recognized the impact of an incomplete NTA on establishing eligibility for voluntary departure," *Gonazalez-Lara v. Garland*, 104 F.4th 1109, 1115 (9th Cir. 2024), *Posos-Sanchez* was published on July 7, 2021, and the BIA did not issue its decision on petitioners' claims until 2023. Petitioners could have filed a notice of supplemental authority and did not. Nor did they file a motion to remand or a motion to reopen with the BIA based on their putative eligibility for voluntary departure. Consequently, they failed to exhaust their claim.

**PETITION DENIED.**